UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | | |
|---|---|---|
| BENJAMIN JOHNSON | ) | |
| 915 K Street NE | ) | |
| Washington D.C. 20002 | ) | Case No: |
| | ) | |
| Plaintiff, | ) | **JURY DEMAND** |
| | ) | |
| v. | ) | |
| | ) | |
| **OFFICER J. WILSON (ID: 4699)** | ) | |
| Metropolitan Police Department | ) | |
| Individually and in his official capacity | ) | |
| Third District Station | ) | |
| 1620 V Street, N.W., | ) | |
| Washington D.C. 20009 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| **OFFICER AHMAD DORGHOUD (ID 2565)** | ) | |
| Metropolitan Police Department | ) | |
| Individually and in his official capacity | ) | |
| Third District Station | ) | |
| 1620 V Street, N.W., | ) | |
| Washington D.C. 20009 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| **JOHN DOE OFFICER** | ) | |
| Metropolitan Police Department | ) | |
| Individually and in his official capacity | ) | |
| Seventh District Station | ) | |
| 1620 V Street, N.W., | ) | |
| Washington D.C. 20009 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| **DISTRICT OF COLUMBIA** | ) | |
| 400 6th Street, N.W., | ) | |
| Washington D.C. 20001 | ) | |
| | ) | |
| <u>Serve:</u> | ) | |
| | ) | |
| Muriel Bowser, Mayor | ) | |
| 1350 Pennsylvania Avenue, N.W., | ) | |
| Washington D.C. 20004 | ) | |
| | ) | |

| And | ) |
| --- | --- |
| | ) |
| **Karl A. Racine, Attorney General** | ) |
| **Office of the Attorney General for the** | ) |
| **District of Columbia** | ) |
| **400 6th Street, N.W.,** | ) |
| **Washington D.C. 20001** | ) |
| | ) |
|         **Defendants** | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW,** Plaintiff, Benjamin Johnson, by and through his attorneys, Wole O. Falodun, Esquire, and The Cochran Firm, and brings this action against the Defendants, Officer J. Wilson (hereinafter "Officer Wilson"), Officer Ahmad Dorghoud (hereinafter "Officer Dorghoud"), John Doe Officers, and the District of Columbia, and alleges the following:

### INTRODUCTION

1. On June 29, 2022, at approximately 6:25 p.m., Plaintiff Johnson was on his cellular phone in the area of O Street, N.W., Washington, D.C., when he was approached by a member of the Metropolitan Police Department's Third District's Crime Suppression Team who asked him to turn around. Standing next to that officer was another officer who appeared to be reaching for his firearm.

2. Uncertain about what was happening, Mr. Johnson became frightened and took flight. The officers gave chase. While the officers were chasing Mr. Johnson, he noticed a third officer approaching from the opposite direction. This officer also appeared to have his hand on his firearm. Seeing this, Mr. Johnson immediately stopped running and raised both of his arms above his head. At no point during the pursuit was Mr. Johnson ever ordered by the police to stop running.

3. Despite having both of his arms raised above his head, a police officer threw him to the ground and jumped on his back. This caused Mr. Johnson to graze the sides of his face on the ground, resulting in injury.

4. While Mr. Johnson was on the ground, at least one of the police officers placed his knee and elbow across Mr. Johnson's neck for a significant period of time. This action caused Mr. Johnson to experience shortness of breath, as well as excruciating pain in his neck and back.

5. There were other police officers present when the one officer had his knee and elbow pressed against Mr. Johnson's neck, and none of them asked the officer to remove his knee and elbow from Mr. Johnson's neck. Instead, they chose to stand around and watch.

6. Ultimately, Mr. Johnson was placed in handcuffs and arrested. While he was in handcuffs, a high ranking police officer arrived on the scene and ordered that Mr. Johnson be taken to the hospital. Just before he was removed from the scene, officers took pictures of Mr. Johnson's face.

7. After leaving the hospital, Mr. Johnson was taken to Central Cell Block where he remained until he was released, without charges, more than 21 hours after he was first detained by the police.

8. Defendant Officers had every opportunity to intervene and/or prevent their fellow officer(s) from assaulting and battering Plaintiff Johnson but chose not to do so.

9. Defendant Officers Wilson, Dorghoud and John Doe violated Plaintiff Johnson's rights under the Fourth Amendment to the Constitution of the United States through their actions fully described below.

**JURISDICTION AND VENUE**

10. This action arises under the Constitution of the United States, the Civil Rights Act, 42 U.S.C. § 1983.

11. This Court has jurisdiction over the Plaintiff Benjamin Johnson's claim under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343 (civil rights deprivation).

12. Venue is proper in the District of Columbia because this is where Plaintiff Benjamin Johnson resides, where the Defendants are employed, and where the events complained of occurred.

13. On or about August 10, 2022, Plaintiff Benjamin Johnson, through counsel, pursuant to D.C. Code § 12-309, provided written notice to Defendant District of Columbia of his intent to sue based on the incident that occurred on June 29, 2022.

**PARTIES**

14. Plaintiff, Benjamin Johnson, (hereinafter referred to as 'Plaintiff') is, now and at all times relevant to this claim, an adult resident of the District of Columbia who resides at 915 K Street N.E., Washington, D.C. 20002.

15. Defendant, Officer J. Wilson (ID #: 4699) is sued in his individual and official capacity, and is now, and was at all times relevant hereto, an officer of the Third District of the District of Columbia's Metropolitan Police Department located 1620 V Street, N.W., 20009.

16. Defendant, Officer Ahmad Dorghoud (ID #: 2565) is sued in his individual and official capacity, and is now, and was at all times relevant hereto, an officer of the Third District of the District of Columbia's Metropolitan Police Department located 1620 V Street, N.W., 20009.

17. In addition to the named Defendants, unknown employees of the District of Columbia's Metropolitan Police Department are sued herein in their individual and official capacities under the fictitious names of John Doe Officers because their true names, capacities and/or degree of responsibility for the acts alleged herein are unknown to Plaintiff at this time. When Plaintiff ascertains this information, he will amend this Complaint accordingly. The Unnamed John Doe Officers are or were at all times mentioned herein employees of the District of Columbia's Metropolitan Police Department. Upon information and belief, Unnamed John Doe Officers are legally liable to the Plaintiff.

18. At all times relevant to this action, Defendant officers were acting under the color of law, under their authority as officers of the District of Columbia, and under color of the statutes, ordinances, regulations, policies, general orders, customs and usage of the District of Columbia.

19. Defendant, District of Columbia is a municipal corporation of the local government of the District of Columbia and operates and governs the Metropolitan Police Department pursuant to the laws of the District of Columbia. In this case, the District of Columbia acted through its agents, employees and servants including Defendant Officers Wilson, Dorghoud and John Doe officers.

## STATEMENT OF FACTS

20. Plaintiff is a citizen of the District of Columbia.

21. Plaintiff has lived in the District of Columbia for all of his life.

22. On June 29, 2022, at approximately 6:25 p.m., Plaintiff Johnson was on his cellular phone in the area of O Street, N.W., Washington, D.C., when he was approached by a member of the Metropolitan Police Department's Third District's Crime Suppression Team who asked him to turn around. Standing next to that officer was another officer who appeared to be reaching for his firearm.

23. Uncertain about what was happening, Mr. Johnson became frightened and took flight. The officers gave chase. While the officers were chasing Mr. Johnson, he noticed a third officer approaching from the opposite direction. This officer also appeared to have his hand on his firearm. Seeing this, Mr. Johnson immediately stopped running and raised both of his arms above his head. At no point during the pursuit was Mr. Johnson ordered by the police to stop running.

24. Despite having both of his arms raised above his head, a police officer threw him to the ground and jumped on his back. This caused Mr. Johnson to graze the sides of his face on the ground, resulting in injury.

25. While Mr. Johnson was on the ground, at least one of the police officers placed his knee and elbow across his neck for a significant period of time. This action caused Mr. Johnson to experience shortness of breath, as well as excruciating pain in his neck and back.

26. There were other police officers present when the one officer had his knee and elbow pressed against Mr. Johnson's neck, and none of them asked the officer to remove his knee and elbow from Mr. Johnson's neck. Instead, they chose to stand around and watch.

27. Ultimately, Mr. Johnson was placed in handcuffs and arrested. While he was in handcuffs, a high ranking police officer arrived on the scene and ordered that Mr. Johnson be taken to the hospital. Just before he was removed from the scene, officers took pictures of Mr. Johnson's face.

28. After leaving the hospital, Mr. Johnson was taken to Central Cell Block where he remained until he was released, without charges, more than 21 hours after he was first detained by the police.

29. More than five months have passed since the incident occurred and Plaintiff continues relieve the trauma brought on by the actions of Officers Wilson, Dorghoud and John Doe. As a result, Plaintiff is presently under the care of a mental health specialist.

30. Defendant Officer(s) watched as Officers Wilson, Dorghoud and John Doe took the aforementioned actions against Plaintiff. The aforementioned Defendant Officers did not take any action to stop Officers Wilson's, Dorghoud's and Joh Doe's conduct towards Plaintiff.

31. At all times relevant to the events described herein, the Plaintiff was not committing any crime and was obeying all laws.

32. At no time did Defendant Officer Wilson, Defendant Officer Dorghoud and Defendant John Doe Officers have probable cause to arrest the Plaintiff, nor did they have reasonable

articulable suspicion to stop or detain Plaintiff. Additionally, the defendant officers, named and unnamed, had no legal justification for their actions.

33. Defendant Officer Wilson, Defendant Officer Dorghoud and Defendant John Doe Officers acted intentionally and/or recklessly and with deliberate disregard for the Plaintiff's constitutional and common law rights, and in intentional or reckless disobedience of the District of Columbia's Metropolitan Police Department's regulations.

34. The use of unreasonable and/or excessive force by Defendant Officer Wilson, Defendant Officer Dorghoud and Defendant John Doe Officers are subject to specific regulation(s), and/or order(s) and/or standard(s), including but not limited to, General Orders 901.07, 201.26 and 501.07, Special Order 97-31, and the Spectrum of Force and Use of Force Continuum.

35. The battering of the Plaintiff by the Defendants Officer Wilson, Defendant Officer Dorghoud and Defendant John Doe Officers was in direct violation of any and all applicable regulation(s) and/or order(s) and/or standard(s), including but not limited to, General Orders 901.07, 201.26 and 501.07, Special Order 97-31, and the Spectrum of Force and Use of Force Continuum.

36. No reasonable police officer could have believed that there was a need to assault, detain, and arrest Plaintiff even though he had not committed any crime and was not resisting arrest.

37. Police officers have a duty to intercede when they witness a deprivation of rights by other officers in progress. Metropolitan Police Department Officers present on the scene knowingly and intentionally failed to intercede to prevent the violation of the Plaintiff's rights.

38. At all relevant times, Defendant Officer Wilson, Defendant Officer Dorghoud and Defendant John Doe Officers:

    a. Wore apparel of the District of Columbia Metropolitan Police Department;

    b. Used the resources of the District of Columbia Metropolitan Police Department;

    c. Were on active duty as officers of the District of Columbia Metropolitan Police Department;

    d. Acted under their authority as officers of the District of Columbia Metropolitan Police Department; and

    e. Acted under the color of law, statute, ordinance, regulations, custom and usage of the District of Columbia.

39. Plaintiff suffered significant physical injuries and pain as a result of the conduct of Defendant Officer Wilson, Defendant Officer Dorghoud and Defendant John Doe Officers.

## CLAIMS FOR RELIEF

**First Claim for Relief – 42 U.S.C. § 1983 – Excessive Force in violation of the Fourth Amendment**
**(Against Defendant Officers Wilson, Dorghoud, and John Doe Officers)**

40. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

41. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…

42. Plaintiff in this action is a citizen of the United States and all of the individual Defendant officers to this claim are persons for purpose of 42 U.S.C. § 1983.

43. Defendants Officer Wilson, Officer Dorghoud and John Doe Officers, at all times relevant hereto, were acting under the color of state law in their capacity as District of Columbia police officers and their acts or omissions were conducted within the scope of their official duties or employment.

44. Plaintiff did not engage in any criminal conduct.

45. Plaintiff was not a threat to the safety of the police, himself, or others.

46. Plaintiff did not resist arrest.

47. Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

48. Any reasonable police officer knows or should have known of these rights at the time of the complained of conduct as the rights were clearly established at the time of the complained of conduct.

49. Defendant Officer Wilson, Officer Dorghoud and Defendant John Doe Officers' actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth Amendment rights of the Plaintiff.

50. Defendants Officer Wilson, Officer Dorghoud and Defendant John Doe Officers' actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to the Plaintiff's federally protected rights. The force used by these Defendant officers shocks the conscience and violated the Plaintiff's rights under the Fourth Amendment of the Constitution of the United States.

51. Defendant Officer Wilson, Defendant Officer Dorghoud and Defendant John Doe Officers unlawfully seized the Plaintiff by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining the Plaintiff of his freedom.

52. The force used constituted deadly force in that it could have caused death when Plaintiff's throat was restricted when an officer or officers pressed a knee and an elbow against Plaintiff's neck as he lay on the ground.

53. Defendant Officer Wilson, Defendant Officer Dorghoud and Defendant John Doe Officers engaged in the conduct described in this Complaint willfully, maliciously, in bad faith, and in reckless disregard of the Plaintiff's federally protected constitutional rights.

54. Defendant Officer Wilson, Defendant Officer Dorghoud and Defendant John Doe Officers did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

55. The acts or omissions of Defendant Officer Wilson, Defendant Officer Dorghoud and Defendant John Doe Officers were the moving force behind Plaintiff's injuries.

56. The acts or omissions of Defendant Officer Wilson, Defendant Officer Dorghoud and Defendant John Doe Officers as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

57. Defendant Officer Wilson, Defendant Officer Dorghoud and Defendant John Doe Officers, by means of physical force and show of authority complained of herein, restrained the liberty of the Plaintiff.

58. Given the circumstances, no reasonable person in Plaintiff's position would have believed himself free to leave.

59. Plaintiff submitted to the authority of Defendant Officer Wilson, Defendant Officer Dorghoud and Defendant John Doe Officers.

60. Defendant Officer Wilson, Defendant Officer Dorghoud and John Doe Officers as government officials intentionally applied means to terminate the Plaintiffs' freedom of movement.

61. Defendant Officer Wilson, Defendant Dorghoud and Defendant John Doe Officers are not entitled to qualified immunity for the complained of conduct.

62. As a proximate result of Defendant Officer Wilson, Defendant Officer Dorghoud and Defendant John Doe Officers' unlawful conduct, Plaintiff has suffered actual physical injuries, and

other damages and losses as described herein entitling him to compensatory and special damages. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses. Plaintiff is therefore entitled to money damages pursuant to 42 U.S.C. § 1983 to compensate him for his injuries and for the violation of his constitutional and civil rights.

63. On information and belief, Plaintiff has suffered and may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injury. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

64. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against Defendant Officer Wilson, Defendant Officer Dorghoud and Defendant John Doe Officers under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants were taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

**Second Claim for Relief – 42 U.S.C. § 1983 – Bystander Liability in violation of the Fourth Amendment**
**(Against Defendant Officers Wilson, Dorghoud, and John Doe Officers)**

65. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

66. Defendant Officers Wilson's, Dorghoud's and John Doe Officers' reckless use of force against the Plaintiff was so excessive, violent and beyond the bounds of decency that it shocks the conscience. Defendant Officers Wilson, Dorghoud and John Doe intended to cause harm to the Plaintiff, and his use of force was unrelated to any legitimate law enforcement objective or concern for his personal safety or the safety of others.

67. Defendant John Doe Officers who may have not been directly involved in the use of excessive force or the unconstitutional search and arrest of Plaintiff, but who observed the use of excessive force and the unconstitutional search and arrest, are liable as bystanders. Defendant John Doe Officers were aware that their fellow officers were using excessive force and arresting Plaintiff, in violation of the Plaintiff's Fourth Amendment rights, had a reasonable opportunity to prevent the harm, and yet chose not to act.

68. Defendant John Doe Officers' acts, which were performed while acting under the color of District of Columbia law, violated Plaintiff's rights. Defendant John Doe Officers are liable to Plaintiff under 42 U.S.C. § 1983.

69. As a direct result of Defendant John Doe Officers' failure to take any action in response to Defendant Officers Wilson's, Dorghoud's and John Doe's use of excessive force in violation of Plaintiff's Fourth Amendment right, Plaintiff has suffered extensive damages including, but not limited to, physical injuries, pain and suffering and medical expenses.

70. Defendant John Doe Officers acted knowingly, intentionally, maliciously and with deliberate and callous indifference to Plaintiff's personal safety, constitutional rights. Because of these failures to act, Plaintiff is entitled to an award of punitive damages against Defendant John Doe Officers.

## Third Claim for Relief – Assault
### (Against Defendant Officers Wilson, Dorghoud, and John Doe Officers)

71. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

72. Plaintiff was in fear of imminent bodily harm when Defendant Officers Wilson, Dorghoud and John Doe charged at Plaintiff, threw him to the ground, and restricted his breath pressing a knee and elbow into his neck.

73. Defendant Officers Wilson, Dorghoud and John Doe intentionally threatened the Plaintiff with imminent bodily harm when they charged at him, shoved him to the ground, and violently pressed a knee and elbow into his neck.

74. Due notice under all applicable statutes has been given to the Defendants.

75. The actions of Defendant Officers Wilson, Dorghoud and John Doe are the direct cause of the injuries described above. Plaintiff is entitled to special damages which include pain and suffering, future pain and suffering and emotional trauma.

76. The intentional and malicious actions of Defendant Officers Wilson, Dorghoud and John Doe are the direct cause of Plaintiff's injuries described above. Plaintiff is entitled to punitive damages.

### Fourth Claim for Relief – Battery
### (Against Defendant Officers Wilson, Dorghoud, and John Doe Officers)

77. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

78. Defendant Officers Wilson, Dorghoud and John Doe engaged in a harmful and offensive contact of the Plaintiff by charging at him, shoving him to the ground, and violently pressed a knee and elbow into his neck, causing injury.

79. Due notice under all applicable statutes has been given to the Defendants.

80. The actions of Defendant Officers Wilson, Dorghoud and John Doe are the direct cause of the injuries described above. Plaintiff is entitled to special damages which include pain and suffering, future pain and suffering and emotional trauma.

81. The intentional and malicious actions of Defendant Officers Wilson, Dorghoud and John Doe are the direct cause for the injuries described above. Plaintiff is entitled to punitive damages.

### Fifth Claim for Relief – False Imprisonment and False Arrest
### (Against Defendant Officers Wilson, Dorghoud, and John Doe Officers)

82. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

83. Defendant Officers Wilson, Dorghoud and John Doe did intentionally obstruct and detain Plaintiff, over his objections, when they charged at him, shoved him to the ground, violently pressed a knee and elbow into his neck, handcuffed him and transported him to central booking.

84. Plaintiff had not committed any criminal acts.

85. Defendant Officers Wilson, Dorghoud and John Doe did not have probable cause to arrest the Plaintiff and did not act with a reasonable belief that Plaintiff had violated the law.

86. Defendant Officers Wilson, Dorghoud and John Doe were not justified in unlawfully and forcefully arresting Plaintiff and depriving him of his freedom of movement.

87. Plaintiff did not consent to the aforementioned unlawful forceful arrest and detainment.

88. Defendant Officers' conduct *vis-à-vis* Plaintiff, noted above, was both unlawful and unreasonable and in violation of all relevant regulations.

89. As a direct and proximate cause of Defendant Officers Wilson's, Dorghoud's and John Doe's actions, Plaintiff suffered physical injury and continues to suffer severe pain, mental anguish and distress.

90. As a direct and proximate cause of Defendant Officers Wilson's, Dorghoud's and John Doe's actions, Plaintiff was caused to incur economic damages, including but not limited to expenses for hospital and other medical care, as well as expenses for future medical care.

### Sixth Claim for Relief – Respondeat Superior
### (Against Defendant District of Columbia)

91. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

92. At all relevant times, Defendant Officers Wilson, Dorghoud and John Doe were acting within the scope of their official duty as a police officers with the District of Columbia's Metropolitan Police Department and employees of the District of Columbia.

93. Defendant District of Columbia should be held liable for the common law claims against Defendant Officers Wilson, Dorghoud and John Doe.

### JURY DEMAND

94. Plaintiff demands a jury trial in the aforementioned matter.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court:

(a) RULE that the actions of the Defendants violated the rights of the Plaintiff under the Fourth Amendment to the United States Constitution and the laws of the District of Columbia;

(b) ENTER JUDGMENT awarding the Plaintiff compensatory damages against all defendants in an amount of $20,000,000;

(c) ENTER JUDGMENT awarding punitive damages against Defendant Officer Wilson, Defendant Officer Dorghoud and Defendant John Doe Officers in an amount of $20,000,000;

(d) ENTER JUDGMENT awarding Plaintiff costs and reasonable attorneys' fees in this action as provided in 42 U.S.C. § 1983; and

(e) GRANT the Plaintiff any such other relief as the Court may deem just and proper.

Respectfully submitted,

**THE COCHRAN FIRM**

/s/ Wole O. Falodun

Wole O. Falodun, Esquire
1001 L Street, S.E.,
Washington D.C. 20003
Tel: 202-331-0793 x105
Fax: 301-337-7822